ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 0 6 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PARIS PERKINS,

           Petitioner,

-against-

JAMES WALSH, Superintendent,
Sullivan Correctional Facility,

           Respondent.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-4379 (FB)

*Appearances:*
*For the Petitioner:*
SUSAN TRACY EPSTEIN, Esq.
The Legal Aid Society
199 Water Street
New York, NY 10038

*For the Respondent:*
CHARLES HYNES, Esq.
District Attorney, Kings County
By: RHEA ANN GROB, Esq.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Petitioner Paris Perkins ("Perkins") filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, Kings County, on the grounds that the trial court violated his Sixth Amendment right of confrontation by permitting the State to use a non-testifying witness's grand jury testimony and sworn statement in its case-in-chief. For the reasons stated below, the petition is denied.

**I.**

        Perkins was arrested and charged with shooting four men – injuring three

1

and killing one – at a Brooklyn street corner on the afternoon of May 12, 2001.

During trial, the prosecutor informed the court that one of the State's witnesses, Stephen Turner ("Turner"), would not appear because someone had called his home and threatened to kill him and his family if he testified. The court subsequently conducted a *Sirois* hearing to determine whether Perkins was directly or indirectly responsible for these calls and, as a result, inducing Turner's unavailability. *See Matter of Holtzman v. Hellenbrand*, 460 N.Y.S.2d 591 (2d Dep't 1983) (ordering trial court to hold hearing to determine whether defendant Sirois, by his misconduct, induced prosecution witness to unlawfully refuse to testify at trial); *see also People v. Geraci*, 85 N.Y.2d 359 (1995) (adopting procedure and burden of proof established by *Holtzman*). The prosecutor testified that he spoke with Turner approximately two weeks prior, and that Turner was willing to testify at that time; he had not spoken to him since, and police were unable to locate him. Turner's sister and another woman, who both lived with Turner, testified that they received the threatening phone calls on two separate occasions approximately one week before the hearing, and that Turner had left the home out of fear for his safety. According to the prosecutor, these calls originated from payphones, but the State's investigation had not discovered who was placing the calls. At the close of the hearing, the court concluded, "by clear and convincing evidence, that [Perkins had] in some way tampered with [Turner], and succeeded in intimidating to such an extent that he [was] no longer available." Tr. at 432. Accordingly, the court ruled that the jury could hear Turner's grand jury testimony and audiotaped statement.

Perkins was convicted on one count of second degree intentional murder and three counts of first degree assault, and sentenced to 85 years to life. On appeal, Perkins raised, *inter alia*, his Sixth Amendment claim. The Appellate Division, Second Department rejected this claim and affirmed the judgment of conviction, holding that "[c]ontrary to the defendant's contention, the cumulative evidence presented at the *Sirois* hearing and the inferences that logically flowed therefrom were sufficient to support the Supreme Court's determination." *People v. Perkins*, 776 N.Y.S.2d 502, 502 (2d Dep't 2004) (citations omitted). In seeking leave to appeal, Perkins once again raised his Sixth Amendment claim; the New York Court of Appeals denied Perkins's application. *See People v. Perkins*, 3 N.Y.3d 661 (2004). Perkins timely filed his *habeas* petition.

## II.

Since Perkins raised his Sixth Amendment claim in both his direct appeal and in his leave application, that claim is exhausted and therefore proper for *habeas* review. *See* 28 U.S.C. § 2254(b)(1)(A).

The Supreme Court has held that a criminal defendant's intentional misconduct may result in a waiver of his Sixth Amendment right to confrontation. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970). The Second Circuit, "as well as a majority of [its] sister circuits, [has] applied the waiver-by-misconduct rule in cases where the defendant has wrongfully procured a witness's silence through threats, actual violence or murder." *Cotto v. Herbert*, 331 F.3d 217, 232 (2d Cir. 2003) (citing *United States v. Dhinsa*, 243 F.3d 635, 651 (2d Cir.), *cert. denied*, 534 U.S. 897 (2001)); *see also United States v. Mastrangelo*, 693 F.2d

269, 272-273 (2d Cir. 1982) ("[W]hen a witness' silence is procured by the defendant himself ... the defendant cannot then assert his confrontation clause rights in order to prevent prior grand jury testimony of that witness from being admitted against him."), *aff'd on rehearing*, 722 F.2d 13 (2d Cir. 1983), *cert. denied*, 467 U.S. 1204 (1984). The procuring conduct may be performed by the defendant himself or by others acting on his behalf. *See Rice v. Marshall*, 709 F.2d 1100 (6th Cir. 1983), *cert. denied*, 465 U.S. 1034 (1984). The Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004) (holding Sixth Amendment prohibits admission of out-of-court testimonial statements made by unavailable declarants where no prior opportunity for cross-examination), did not disturb this longstanding rule. *See id.* at 62 ("[T]he rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds . . . .").

Since the Second Circuit's "requirement on the standard of proof applicable at a federal *Mastrangelo* hearing – that the government prove by a preponderance of the evidence that the defendant procured the witness's unavailability – is actually less stringent than the New York standard, which requires a showing of intimidation by clear and convincing evidence," *Cotto*, 331 F.3d at 235 (citations omitted), the Court cannot conclude that the Appellate Division's determination was an "unreasonable application" of clearly established Supreme Court law. 28 U.S.C. § 2254(d).

The trial court's findings of fact regarding Perkins's misconduct are presumed to be correct. *Id.* § 2254(e)(1). After a careful review of the record, the Court concludes that the trial court's decision on the confrontation issue was not "based on an

4

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## III.

The petition is denied. A certificate of appealability will not issue because Perkins has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 5, 2006